# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| CAE AGUILERA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.: 4:15-CV-73-SKL |
| v. | ) |
| | ) |
| OFFICER SHARP and OFFICER SHEDD,[1] | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This is a pro se prisoner's civil rights lawsuit filed pursuant to 42 U.S.C. § 1983. Now before the Court are Plaintiff's motions to amend/revise the complaint [Docs. 8 and 16], Defendants' motion for extension of time to file an answer to the complaint [Doc. 13], Plaintiff's motion for status of case, copies of motions, and form processing [Doc. 14], and Plaintiff's motion regarding his receipt of a notice of failure to file his consent/non-consent to the Magistrate Judge [Doc. 21]. The Court will address these motions in turn based upon the relief sought.

### I. Procedural Motions

First, in light of the lack of opposition thereto, Defendants' motion for extension of time to file an answer to the complaint [Doc. 13] will be **GRANTED**.

---

[1] It appears that the previous order entered in this case inadvertently did not include Defendants Sharp and Shedd as Defendants [Doc. 7]. This order is therefore **CORRECTED** to reflect that Defendants Sharp and Shedd were named as Defendants in this case.

1

Next, Plaintiff's motion for status of case, copies of motions, and process forms [Doc. 14] will be **GRANTED** only to the extent that the instant order is being entered and the Clerk has sent Plaintiff a copy request notice [Doc. 15].

Also, Plaintiff has filed a motion regarding his receipt of a notice of failure to file his consent/non-consent to the United States Magistrate Judge [Doc. 21]. In this motion, Plaintiff questions why he received a "notice of failure to file" this form because he states he timely sent his consent [*Id.* at 1–3]. As this matter has been referred to the undersigned pursuant to the parties' consent thereto [Doc. 22], this motion [Doc. 21] will be **DENIED as moot**.

## II.     Joinder Issues

In his original complaint, Plaintiff asserts that in two separate, unrelated incidents on September 24, 2015, and October 2, 2015, Defendant Sharp used excessive force against him [Doc. 1 p. 6–7]. Plaintiff also sets forth an unrelated claim arising out of a March 2015 incident in which Plaintiff alleges that Defendant Shedd used excessive force against him [*Id.* at 8]. Plaintiff has now filed a motion to amend his complaint in which he seeks to add claims against various Defendants arising out of an unrelated assault on February 28, 2016 [Doc. 8].

Under Rule 20(a)(2) of the Federal Rules of Civil Procedure, persons may only be joined in one action as defendants where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Rule 20 does not, however, permit plaintiffs to join unrelated claims against different defendants in one lawsuit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Rule 18, on the other hand, allows a plaintiff to assert "as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a)

### A. Original Complaint

As set forth above, Plaintiff's original complaint alleges claims arising out of two separate and unrelated incidents of excessive force on the part of Defendants Sharp and one separate and unrelated incident of excessive force on the part of Defendant Shedd. Plaintiff's claims against Defendant Sharp arising out of unrelated excessive incidents are properly joined in this action pursuant to Rule 18. Plaintiff's excessive force claim against Defendant Shedd, however, is not properly joined in this action with his claims against Defendant Sharp, as the excessive force incident involving Defendant Shedd is unrelated to the two excessive force incidents involving Defendant Sharp. Accordingly, Plaintiff's claim against Defendant Shedd in his original complaint will be **SEVERED** from this action pursuant to Rule 21 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 21 (providing as to misjoinder of parties that "[t]he court may [] sever any claim against a party").

### B. First Motion to Amend the Complaint

In his first motion to file an amended complaint, Plaintiff states in relevant part that, after he filed his original complaint, he was assaulted by other inmates due to the deliberate indifference of a guard [Doc. 8 p. 2]. Plaintiff also alleges that he was charged for this assault due to racial discrimination [*Id.*].

In support of these allegations, Plaintiff states that on February 28, 2016, inmates who were members of the Aryan nation gang assaulted him in a location that was "two cells over from [Plaintiff's] cell" [*Id.* at 2]. Plaintiff states that he notified Officer Foust that he needed help and medical assistance due to a fight by using the cell speaker system and that Officer Foust told Plaintiff to stay in his cell until assistance arrived [*Id.* at 2–3].

Plaintiff states that he complied with this request, that his cellmate also came in to their shared cell, and that they closed the door [*Id.* at 3]. Officer Foust, however, later electronically opened their cell door after the inmates involved in the assault told him to do so using the speaker system, at which point the inmates assaulted Plaintiff again [*Id.*]. Plaintiff states that he eventually got outside of his cell, that several officers then responded to the fight, and that he was then provided with medical care [*Id.*].

Plaintiff was later served with a warrant for assault filed by Defendant Foust with an affidavit stating that Plaintiff had assaulted another inmate, though Plaintiff states that Defendant Foust saw other inmates assaulting Plaintiff [*Id.* at 3–4]. Plaintiff states that he later told the Sheriff that Defendant Foust was involved with the racist inmates in some way, and that, after an investigation, the inmates who assaulted Plaintiff were charged with the assault and the charge against Plaintiff was dropped [*Id.* at 4].

Based on the above allegations, Plaintiff seeks to add Officer Foust as a Defendant [*Id.*]. Plaintiff also seeks to add Jail Administrator Pamela Freeman, Jail Captain Rick Gentry, and Investigator Danny Ferrell as Defendants based on Plaintiff's allegations that they "[allowed] their guards to violate inmate civil rights, [did not take] proper precautions in protecting inmates, and [did not follow] proper action [sic] investigating jail incidents" [*Id.*]

Nothing in Plaintiff's first motion to amend the complaint suggests that the incident set forth therein is related in any way to the excessive force incidents set forth in Plaintiff's original complaint [Doc. 1]. Accordingly, based Rule 20 and the case law set forth above, Plaintiff's first motion to amend his complaint [Doc. 8] will be **DENIED**.

## III. Second Motion to Amend Complaint

In his second motion to amend the complaint [Doc. 16], Plaintiff seeks to set forth specific amounts of punitive damages sought from all current and proposed Defendants and to amend his complaint to state that he has sued all current and proposed Defendants in both their individual and official capacities [*Id.* at 1–3]. Defendants have not responded to this motion and have therefore waived any objection thereto. E.D. Tenn. LR 7.2.

As to Plaintiff's request to amend his complaint to state that he has sued all current and proposed Defendants in their individual and official capacities, however, it is clearly established that official capacity suits are treated as against the governmental entity. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Thus, in order to state such a claim, a plaintiff must allege that a "policy or custom" enacted by the entity caused a violation of constitutional rights. *Id.* at 166. Even liberally construing the complaint and amendments thereto in favor of Plaintiff, Plaintiff has not alleged that any such policy or custom caused him any injury or set forth any facts from which the Court can plausibly infer such a claim. Accordingly, Plaintiff's second motion to amend his complaint [Doc. 16] will be **DENIED in part** to the extent that Plaintiff seeks to sue any Defendant in his official capacity.

In light of the lack of opposition thereto, however, Plaintiff's second motion to amend his complaint [Doc. 16] will be **GRANTED in part** to the extent that the request for punitive damages from Defendant Sharp will be added to Plaintiff's complaint in this action and Plaintiff's request for punitive damages from Defendant Shedd will be added to Plaintiff's complaint in the action for the severed claim that will proceed separately as to Defendant Shedd.

## IV. Conclusion

Accordingly, for the reasons set forth above:

1. Defendants' motion for extension of time to file an answer to the complaint [Doc. 13] is **GRANTED**;

2. Plaintiff's motion for status of case, copies of motions, and process forms [Doc. 14] is **GRANTED** only to the extent that the instant order is being entered and the Clerk has sent Plaintiff a copy request notice;

3. Plaintiff's motion regarding his receipt of a notice of failure to file his consent/non-consent to the Magistrate Judge [Doc. 21] is **DENIED as moot**;

4. Plaintiff's claim against Defendant Shedd from his original complaint is **SEVERED** from this action and the Clerk is **DIRECTED** to open a new action against Defendant Shedd based upon Plaintiff's complaint [Doc. 1]. In this new action, the Clerk should file the following documents from this case:

    1. Plaintiff's complaint [Doc. 1];

    2. The Court's memorandum and order screening Plaintiff's original complaint [Doc. 7];

    3. The executed summons for Defendant Shedd [Doc. 10];

    4. Plaintiff's second motion to amend/revise the complaint [Doc. 16];

    5. Defendants' answer to the complaint [Doc. 17];

    6. Plaintiff's response to Defendant's answer to the complaint [Doc. 19];

    7. The consent to magistrate and order referring case [Doc. 22]; and

    8. A copy of this memorandum and order.

5. The Clerk is also **DIRECTED** to send Plaintiff an application for leave to proceed *in forma pauperis* for this new, separate action against Defendant Shedd. Plaintiff shall have thirty (30) days from the date of entry of this order to pay the full filing fee or to submit the necessary documents for this action. Plaintiff is hereby **NOTIFIED** that if he fails to fully comply with this order within the time required, the Court shall presume that Plaintiff is not a pauper, assess the full amount of fees, and order the case dismissed for want of prosecution and/or failure to comply with Court orders.

6. Plaintiff's first motion to amend/revise his complaint to add claims against Officer Foust, Jail Administrator Pamela Freeman, Jail Captain Rick Gentry, and Investigator Danny Ferrell [Doc. 8] is **DENIED** and the Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint and an application to proceed *in forma pauperis* so that Plaintiff may file a separate complaint based on these claims, should he wish to do so;

7. Plaintiff's second motion to amend/revise his complaint [Doc. 16] is **GRANTED in part** to the extent that the request for punitive damages from Defendant Sharp is added to Plaintiff's complaint in this action and Plaintiff's request for punitive damages from Defendant Shedd is added to the complaint in the action for the severed claim that will proceed separately as to Defendant Shedd; and

8. Plaintiff's second motion to amend/revise his complaint [Doc. 16] is **DENIED in part** to the extent that Plaintiff seeks to add claims against any Defendants in their official capacities.

SO ORDERED.

ENTER:

                                                      s/ *Susan K. Lee*
                                                      SUSAN K. LEE
                                                      UNITED STATES MAGISTRATE JUDGE